The Chief Justice
delivered the opinion of the- Court. This is a suit in equity by William F. Morrow and thirty-four other persons against Eugene C. Edwards and three others as the incorporators of the Corcoran Cadet Corps.
The first clause of the bill alleges that' the complainants are citizens of the United States, residents of the District and that they sue in their own right.
Second, That respondents are citizens of the United States, residents of the District of Columbia and are sued in their own right and as incorporators of the Corcoran Cadet Corps.
*476 The bill alleges that on February 22, 1883, a voluntary association known as the Corcoran Cadet Corps was formed by some of the complainants and respondents and others. That on May 9, 1890, it was composed of complainants and respondents who represented, exclusive of the defendant Edwards, the whole membership. That in the year 1883 the association adopted by-laws and rules of order, and that it revised th^ same in 1887; that Article XV gives power to expel any member by a two-thirds vote of members present; that prior to May 5, 1890, respondent Edwards was elected captain of said corps, and entered upon the performance of his duties. Because of his disagreeable and unmanly conduct he was requested to resign; he refused to do so, and was, on May 5, 1890, expelled from the corps by a vote of twenty to five, there being but few more than twenty-five men present, and the remainder not voting; that on May 9, 1890, a meeting was held at which it was unanimously decided to incorporate the corps with complainants, Garmer, Hinsch, and several others as incorporators, and that a certificate was prepared and executed to be recorded the morning of the next day. That respondents McIntosh and Edwards were present, Meyer and Voliten were not. McIntosh remained in the room throughout, but Edwards left, went to a window and there listened to the proceedings. McIntosh, Meyer and Voliten at this time were members in good standing. On going to the Recorder of Deeds for said District about 10 o’clock A. M. of May 10, 1890, complainants found that at 9.45 A. M. a certificate' had been filed by the respondents incorporating themselves as the Corcoran Cadet Corps. The respondents Meyer, Voliten and McIntosh were inveigled by Edwards into executing said certificate; that these acts of respondents were intended to defeat the unanimous resolution of the corps, and to perpetrate a fraud on complainants and the public; that afterwards respondents elected officers to conduct the affairs of the corporation, but in doing so ignored complainants, giving them no notice of meetings, nor in any manner recognizing the complainants as their associates or as entitled to the privileges by said act of incorporation conferred; that said act *477 of incorporation was recorded in the “ Acts of Incorporation ’ ’ in the office of the Recorder of Deeds for said District, and the complainants’ said certificate was recorded in the same volume; that said corps owns personal property, consisting of uniforms, desks, carpet, tables, .chairs, lockers, piano, etc., of the value of about $3,000, all of which, fexcept uniforms, are in possession of said Edwards, who has them locked up in the •armory, and who refuses to admit complainants or to give them possession of their property.
The complainants pray, first for process; second that respondents’ certificate of incorporation be decreed to be for the equal benefit and advantage of complainants; that they be decreed members thereof in good standing entitled to ■equal rights of membership therein with respondents; third, that a receiver may be appointed to take charge of said personal property; that Edwards be ordered to deliver up the •same to such receiver, to be held under direction of the court; •and fourth, for other and further relief, etc.
In the view that we have taken of this case it is hardly necessary to recite the answer which is quite lengthy; nor to refer to any great extent to the testimony which is voluminous. We are of the opinion that this bill is insufficient to authorize the court to grant relief with reference to the grievances which the complainants have set forth in their bill. The decree of the court below was of such a character as the court possibly, under a proper bill, might be authorized by the testimony in the case to render. We do not dispute that, but we think the attention of the court was never called to the absence of certain averments in the bill necessary to authorize it to grant the decree which it rendered. That -decree held the act of the defendants in obtaining a certificate of incorporation to be fraudulent and void; and, secondly, it was held that the act of incorporation on the part of the complainants was a valid and legal proceeding and had the effect to create a corporation by the name of the Corcoran Cadet •Corps, of which the complainants were .incorporators and members.
To this there are two objections. First, this court has no *478 power to dissolve a corporation. The sovereign power only can do that. The Attorney-General of the United States can by proper proceedings inquire into the legality of the incorporation, where the acts are said to be such as to forfeit the right to a continuation of the charter, or where the charter is procured by fraud; but this court, sitting as a court of equity, has no such power. Secondly, there is a provision in the statutes relating to the organization of corporations in the District of Columbia, to the effect that no certificate of incorporation shall be recorded by the Recorder of Deeds which adopts the same name that belongs to corporation previously incorporated. Therefore the act of the complainants in filing their certificate of corporation after a certificate had been filed by respondents assuming the same corporate name was void because in direct contravention of the provisions of the statute. Again in order to obtain relief as to the property set forth in the bill, the corporation in whose possession it is alleged to be should be made a party defendant. The special prayer of complainants is that they be decreed members of the corporation procured by the respondents in good standing with equal rights with the respondent. This court has no power to grant such a prayer. There is also a prayer for a receiver and that Rdwards may be compelled to deliver to him the property to which complainants claim title, but there is no prayer for an adjudication of the title to the personal property. There is a great deal in this record about the organization of a military company. The Corcoran Cadet Corps resolved to become Company A of the National Guard, and they voluntarily enlisted, each individually, in the National Guard, becoming Company A, and the question as to whether or not the rights and property in relation to this voluntary association did not become merged into Company A of the National Guard was much discussed by counsel; but it is not necessary for us to discuss it at this time.
The order in the case will be, that the decree below be set aside, and, inasmuch as the complainants by amendment may be able to present a proper bill, the cause will be remanded with leave to complainants to amend as they may be advised.